**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DONALD ALLEN,                          )
                                       )
      Plaintiff,                 )
                                       )
v.                                     )          No. CIV-08-215-FHS
                                       )
JARED YATES, et al.,                   )
                                       )
      Defendants.                )


<u>**ORDER AND OPINION**</u>


On June 11, 2008, Plaintiff, Donald Allen, brought this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations resulting from an alleged attack upon his person during the course of his detention in the Sequoyah County Jail. Plaintiff claims he was attacked by Defendant, Jared Yates ("Yates"), a Detention Officer with the Sequoyah County Jail, while Yates was processing Plaintiff following his arrest on June 25, 2006. Plaintiff later invoked the Court's supplemental jurisdiction in his Amended Complaint (Doc. No. 38), filed on October 28, 2008, by asserting state law claims for negligence, respondeat superior, outrage, and assault and battery. Defendants Barbara Smith ("Smith"), individually and in her official capacity as detention officer of the Sequoyah County Sheriff's Department, Christine Calbert ("Calbert"), individually and in her capacity as Administrator of the Sequoyah County Jail, and J.W. Philpott ("Philpott"), individually and in his official capacity as Sheriff of the Sequoyah County Sheriff's Department, have filed a Motion to Dismiss (Doc. No. 40) seeking the dismissal of Plaintiff's state law claims. The issues have been

fully briefed by the parties. Having considered the parties' respective submissions, the Court concludes dismissal is appropriate as to all of the state law claims asserted against Smith, Calbert, and Philpott.

Smith, Calbert, and Philpott contend Plaintiff's state law claims are barred by the applicable statute of limitations. In this regard, Smith, Calbert, and Philpott rely on the following provision under Oklahoma law:

> All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:
>
>   a.   the State of Oklahoma
>   b.   a contractor of the State of Oklahoma, or
>   c.   a political subdivision of the State of Oklahoma,
>
> to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued.

Okla. Stat. tit. 12, § 95(A)(11). Plaintiff's state law claims are barred by application of this provision. Plaintiff was an inmate in the custody and control of the Sequoyah County Jail on June 25, 2006, when the actions giving rise to his claims occurred. Indeed, all of the facts which give rise to Plaintiff's state law claims occurred while he was an inmate in the custody of the Sequoyah County Jail. Furthermore, it is uncontested that the institutional entity vested with the oversight of the Sequoyah County Jail, the Sequoyah County Criminal Justice Authority, constitutes a political subdivision

of the State of Oklahoma.  Finally, it is undisputed that
Plaintiff's claims accrued on June 25, 2006, and that the one-
year limitation period of section 95(A)(11) expired on June 25,
2007.  Consequently, Plaintiff's state law claims against Smith,
Calbert, and Philpott, in their individual capacities[1], for
negligence, respondeat superior, outrage, and assault and battery
are barred by the statute of limitations as they were filed on
October 28, 2008 - more than one year such claims accrued.[2]

As argued by Smith, Calbert, and Philpott, two reasons exist
for the dismissal of the state law claims against them in their

_____

[1]  To the extent such claims are against Smith, Calbert, and
Philpott, in their official capacities, for acts within the scope
of their employment and therefore governed by the Oklahoma
Governmental Tort Claims Act, ("OGTCA"), Okla. Stat. tit. 51, §
151 *et seq.*, see Brown v. Creek County ex rel. Creek County Bd.
of County Com'rs, 164 P.3d 1073, 1074-76 (Okla. 2007)(statute of
limitations provisions of OGTCA, not Okla. Stat tit. 12, §
95(A)(11), govern inmate's personal injury suit against political
subdivision of state), such claims are subject to dismissal as
discussed below based on the immunity and notice provisions of
the OGTCA.

[2]  Plaintiff's response to the statute of limitations issue is
wholly uninformative as it fails to address the application of
section 95(A)(11) to the state law claims.  Plaintiff does not
contest any of the elements for application of section 95(A)(11) to
the facts at hand, but rather, he argues for the relation back of
the state law claims to the timely filed section 1983 claims as
asserted in the original Complaint filed on June 11, 2008.  This
argument misses the mark, however, as Smith, Calbert, and Philpott
do not rely on the two-year limitation period of Okla. Stat. tit.
12, § 95(3), applicable to section 1983 claims.  See also Meade v.
Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).  To the extent
Plaintiff relies on the relation back doctrine with respect to the
state law claims and application of section 95(A)(11), the Court
concludes Plaintiff's claims are nonetheless barred as the one-year
limitation period had run as of the filing of Plaintiff's original
Complaint on June 11, 2008.

official capacities. First, claims brought against the individual defendants in their official capacities for actions taken within the scope of their employment are barred under the provisions of the OGTCA, which is the exclusive method of bringing tort claims against the State of Oklahoma and its political subdivisions. Under the OGTCA, employees of a political subdivision are entitled to immunity for torts committed within the scope of their employment:

> Suits instituted pursuant to the provisions of this Act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant.

Okla. Stat. tit. 51, § 163 (c). Under Okla. Stat. tit. 51, § 152(9), "scope of employment" is defined as "performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority . . . " Thus, to the extent Smith, Calbert, and Philpott were acting within the scope of their employment with respect to the state law claims, they are entitled to immunity under the OGTCA.[3]

---

[3] Smith, Calbert, and Philpott also contend Plaintiff's state law claims against them in their individual capacities are likewise barred because Plaintiff has specifically alleged that Smith, Calbert, and Philpott acted within the scope of their employment; consequently, he cannot and, in fact, has not alleged they acted *outside* the scope of their employment. The Court disagrees and finds that had it not otherwise found dismissal appropriate based on section 95(A)(11), it would find it premature at this stage of the litigation to make a determination as to the scope of employment given the allegations of the Amended Complaint. Viewing it in the light most favorable to Plaintiff, the Amended Complaint does contain language suggesting actions outside the scope of employment when reference is made to

The second reason for the dismissal of the state law claims against Smith, Calbert, and Philpott in their official capacities is Plaintiff's failure to comply with the notice provisions of the OGTCA.  Section 157B of the OGTCA provides that "no action . . . . shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim . . . ."  Plaintiff has wholly failed to allege any facts substantiating compliance with the notice provisions of the OGTCA.  Failure to do so is fatal to Plaintiff's ability to pursue state tort claims against Smith, Calbert, and Philpott in their official capacities.  See Willborn v. City of Tulsa, 721 P.2d 803, 805 (Okla. 1986)(petition which failed to allege either actual or substantial compliance with provisions of tort claims act is facially flawed).  It is well settled that compliance with the notice provisions of the OGTCA is a condition precedent to suit against the state or a political subdivision.  Duncan v. City of Nichols Hills, 913 P.2d 1303, 1307 (Okla. 1996).  Having failed to allege compliance with the OGTCA, Plaintiff's state law claims for negligence, respondeat superior, outrage, and assault and battery against Smith, Calbert, and Philpott, in their official capacities, must be dismissed.

---

"recklessly" failing to protect Plaintiff (¶ 70), "outrageous" conduct (¶ 76), and "reckless disregard of the rights of the Plaintiff" (¶ 84).  See Houston v. Reich, 932 F.2d 883, 889-90 (10th Cir. 1991)(police officers, who used excessive force during the course of an arrest, acted outside the scope of their employment under the OGTCA based on jury's finding that their conduct amounted to gross negligence and willful and wanton conduct amounting to reckless disregard of plaintiff's rights).

Based on the foregoing reasons, the Court finds that Plaintiff's state law claims for negligence, respondeat superior, outrage, and assault and battery against Smith, Calbert, and Philpott, in their individual capacities, are barred by the one-year statute of limitations of Okla. Stat. tit. 12, § 95(A)(11). The Court also finds that Plaintiff's state law claims for negligence, respondeat superior, outrage, and assault and battery against Smith, Calbert, and Philpott, in their official capacities, are subject to dismissal due to the immunity provisions of the OGTCA and for failure to comply with the notice provisions of the OGTCA. Consequently, the Motion to Dismiss (Doc. No. 40) filed by Smith, Calbert, and Philpott is granted in its entirety and Plaintiff's state law tort claims for negligence, respondeat superior, outrage, and assault and battery against Smith, Calbert, and Philpott are ordered dismissed.

It is so ordered this 15th day of December, 2008.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma