# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DONALD ALLEN,                    )
                                 )
         Plaintiff,              )
                                 )
v.                               )     No. CIV-08-215-FHS
                                 )
JARED YATES, et al.,             )
                                 )
         Defendants.             )

## OPINION AND ORDER

On June 11, 2008, Plaintiff, Donald Allen, brought this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations resulting from an alleged attack upon his person during the course of his detention in the Sequoyah County Jail. Plaintiff claims he was attacked by Defendant, Jared Yates ("Yates"), a Detention Officer with the Sequoyah County Jail, while Yates was processing Plaintiff following his arrest on June 25, 2006. Named as defendants in the original Complaint, in their individual and official capacities, were Yates, Barbara Smith, Jimmy Baxter, Christine Calbert, J.W. Philpott, and Dewayne Walters. Plaintiff later invoked the Court's supplemental jurisdiction in his First Amended Complaint (Doc. No. 38), filed on October 28, 2008, by asserting state law claims for negligence, respondeat superior, outrage, and assault and battery, as well as adding the Sequoyah County Criminal Justice Authority ("SCCJA") as a defendant. SCCJA has now filed a Motion to Dismiss (Doc. No. 65) seeking the dismissal of any and all claims asserted against it by Plaintiff in the First Amended

1

Complaint.[1]  The issues have been fully briefed by the parties.
Having considered the parties' respective submissions, the Court
concludes dismissal is appropriate as to all state law claims
asserted against SCCJA, but that the dismissal of Plaintiff's
section 1983 claims against SCCJA is not warranted.

SCCJA contends Plaintiff's state law and constitutional
claims are barred by the applicable statutes of limitations.
With respect to the state law claims, SCCJA relies on the
following provision under Oklahoma law:

> All actions filed by an inmate or by a person based
> upon facts that occurred while the person was an inmate
> in the custody of one of the following:
>
>     a.   the State of Oklahoma
>     b.   a contractor of the State
>           of Oklahoma, or
>     c.   a political subdivision
>           of the State of Oklahoma,
>
> to include, but not be limited to, the revocation of
> earned credits and claims for injury to the rights of
> another, shall be commenced within one (1) year after
> the cause of action shall have accrued.

Okla. Stat. tit. 12, § 95(A)(11).  Plaintiff's state law claims
against SCCJA are barred by application of this provision.
Plaintiff was an inmate in the custody and control of the
Sequoyah County Jail on June 25, 2006, when the actions giving

---

[1] On February 21, 2009, Plaintiff amended his First Amended Complaint to properly identify Jimmy "Barker" as a defendant as opposed to the misidentified Jimmy "Baxter."  Thus, the relevant Complaint before the Court is Plaintiff's Second Amended Complaint (Doc. No. 78).

2

rise to his claims occurred.  Indeed, all of the facts which give rise to Plaintiff's state law claims occurred while he was an inmate in the custody of the SCCJA.  Furthermore, it is uncontested that the institutional entity vested with the oversight of the Sequoyah County Jail, the SCCJA, constitutes a political subdivision of the State of Oklahoma.  Finally, it is undisputed that Plaintiff's claims accrued on June 25, 2006, and that the one-year limitation period of section 95(A)(11) expired on June 25, 2007.  Consequently, Plaintiff's state law claims against SCCJA for negligence, respondeat superior, outrage, and assault and battery are barred by the statute of limitations as they were filed on October 28, 2008 - more than one year after such claims accrued.[2]

As argued by SCCJA, an additional reason exists for the dismissal of Plaintiff's state law claims.  SCCJA contends Plaintiff has wholly failed to comply with the provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 *et seq.*, which is the exclusive avenue for an individual to attempt

---

[2] Plaintiff's response to the statute of limitations issue is wholly uninformative as it fails to address the application of section 95(A)(11) to the state law claims.  Plaintiff does not contest any of the elements for application of section 95(A)(11) to the facts at hand, but rather, he argues for the relation back of the state law claims to the timely filed section 1983 claims against the other defendants as asserted in the original Complaint filed on June 11, 2008.  This argument misses the mark, however, as SCCJA does not rely on the two-year limitation period of Okla. Stat. tit. 12, § 95(3), applicable to section 1983 claims.  See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).  To the extent Plaintiff relies on the relation back doctrine with respect to the state law claims and application of section 95(A)(11), the Court concludes Plaintiff's claims are nonetheless barred as the one-year limitation period had run as of the filing of Plaintiff's original Complaint on June 11, 2008.

to recover against the State of Oklahoma and its political subdivisions for torts. Franks v. Union City Public Schools, 943 P.2d 611, 612 (Okla. 1997) and Fuller v. Odom, 741 P.2d 449, 452 (Okla. 1987). The Court agrees. As a public trust created pursuant to Oklahoma law, SCCJA qualifies as a political subdivision under the OGTCA, 51 O.S. § 152(8)(d), and compliance with the notice provisions of the OGTCA is therefore mandatory in order to proceed on a tort claim against SCCJA. In this regard, the OGTCA mandates that any individual having a claim must present that claim to the state or its political subdivision "within one (1) year of the date the loss occurs" and "[a] claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." 51 O.S. § 156(B). Furthermore, section 157(B) of the OGTCA provides that "no action . . . shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim . . . ." In this case, Plaintiff has wholly failed to allege any facts substantiating compliance with these notice provisions of the OGTCA. Failure to do so is fatal to Plaintiff's ability to pursue any state tort claims against SCCJA. See Willborn v. City of Tulsa, 721 P.2d 803, 805 (Okla. 1986)(petition which failed to allege either actual or substantial compliance with provisions of tort claims act is facially flawed). It is well settled that compliance with the notice provisions of the OGTCA is a condition precedent to suit against the state or a political subdivision. Duncan v. City of Nichols Hills, 913 P.2d 1303, 1307 (Okla. 1996). Having failed to allege compliance with the OGTCA, Plaintiff's state law claims against SCCJA are subject to dismissal.

Plaintiff's section 1983 claims against SCCJA[3], however, are not barred by the applicable statute of limitations. In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the United States Supreme Court eliminated much of the confusion surrounding the appropriate statute of limitations period for claims arising under §1983. The Supreme Court held that a single statute of limitations should govern all §1983 claims and that the state statute of limitations applicable to personal injury actions should govern all §1983 suits. In Oklahoma, the appropriate statute of limitations period for §1983 claims is the two-year limitation for an "action for injury to the rights of another" of Okla. Stat. Ann. tit. 12, §95 (Third). <u>Abbitt v. Franklin</u>, 731 F.2d 661, 663 (10th Cir. 1984) (en banc); <u>EEOC v. Gaddis</u>, 733 F.2d 1373, 1377 (10th Cir. 1984); <u>see</u> <u>Meade</u>, 841 F.2d at 1522-24 (the court rejected Oklahoma's one-year statute of limitations period for §1983 claims of assault and battery, and reaffirmed its view that Oklahoma's two-year period is the appropriate limitations period for §1983 claims). In the instant case, Plaintiff alleges constitutional violations occurring on June 22, 2006. Plaintiff filed this lawsuit on June 11, 2008, within the two-year limitation period for section 1983 claims. In that June 11, 2008, Complaint, Plaintiff brought constitutional claims pursuant to section 1983 against, among others, Christine Calbert in both

---

[3] Some uncertainty exists as to the claims brought by Plaintiff against SCCJA. In the Second Amended Complaint, the only cause of action specifically asserted against SCCJA is the Third Cause of Action for respondeat superior. All other causes of action, including those under section 1983, contain language in a concluding paragraph indicating that relief is sought based on "Defendants' actions." For purposes of this motion to dismiss, the Court will liberally construe Plaintiff's Second Amended Complaint as asserting both state law and constitutional claims against SCCJA.

5

her individual capacity and her official capacity as Administrator of the Sequoyah County Jail. It is well settled that an official capacity suit under section 1983 is considered an action against the entity of which the officer is an agent provided the entity has received notice and an opportunity to respond. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985). From a review of the record it is clear that SCCJA received notice of the section 1983 claims against it by virtue of the official capacity claim contained within the June 11, 2008, Complaint. Indeed, this notice is evident from the entries of appearance filed on September 22, 2008, by attorneys Eric D. Cotton, Chris J. Collins, and Stephen L. Geries, on behalf of, among others, Christine Calbert in her official capacity as Administrator of the Sequoyah County Jail. (Doc. Nos. 21-23). Consequently, the Court concludes Plaintiff's section 1983 claims are timely filed with respect to SCCJA given that (1) the June 11, 2008, Complaint names Christine Calbert in her official capacity as Administrator of the Sequoyah County Jail and (2) notice and an opportunity to respond was provided to SCCJA.[4]

Additionally, even if the Court were to find that the official capacity suit against Christine Calbert did not bring SCCJA within the limitations period, the Court would nonetheless conclude that Plaintiff's section 1983 claims against SCCJA are

---

[4] Further evidence of SCCJA's receipt of notice of the section 1983 claims against it by virtue of the June 11, 2008, Complaint can be gleaned from the subsequent summons issued with respect to the First Amended Complaint, wherein SCCJA was added as a defendant. On January 19, 2009, a summons was returned executed on SCCJA. That summons was issued to "Sequoyah County Criminal Justice Authority, Attention: Christine Calbert, Jail Administrator."

not barred by the statute of limitations by virtue of the relation back doctrine under Rule 15(c)(3) of the Federal Rules of Civil Procedure. Under Rule 15(c)(3), an amended complaint that adds a defendant to an action can relate back to an earlier timely filed complaint under certain circumstances. Collins v. Wal-Mart, Inc., 245 F.R.D. 503, 509 (D. Kan. 2007). In order for the amendment to relate back to the original Complaint, Rule 15(c)(3) requires that "(1) the amended claim 'arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading,' and (2) within the time for service of the complaint set forth in Fed.R.Civ.P. 4(m), 'the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.'" Collins, 245 F.R.D. at 509.

The Court concludes that Plaintiff has satisfied the relation back requirements of Rule 15 (c)(3) such that Plaintiff's section 1983 claims against SCCJA are not barred by the two-year limitations period. In reaching this conclusion, the Court makes the following findings: (1) Plaintiff's section 1983 claims against SCCJA arise out of the same conduct set forth in the original Complaint, (2) SCCJA has received sufficient notice of the proceedings by virtue of the official capacity suit brought against Christine Calbert, the Administrator of the Sequoyah County Jail, such that SCCJA will not be prejudiced, (3) SCCJA knew or should have known that, but for a mistake in failing to name the entity responsible for the operation of the

Sequoyah County Jail (along with the official capacity employee) it would have been specifically named as a defendant in the original Complaint and (4) the second and third requirements have been fulfilled within the time provided under Rule 4(m) of the Federal Rules of Civil Procedure.

Finally, SCCJA contends Plaintiff is not entitled to punitive damages in connection with the section 1983 claims. The Court agrees. As a governing body, SCCJA is immune from punitive damages under section 1983. <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981). Thus, dismissal of Plaintiff's punitive damages request is appropriate.

Based on the foregoing reasons, the Court finds that Plaintiff's state law claims against SCCJA are barred by the one-year statute of limitations of Okla. Stat. tit. 12, § 95(A)(11). Plaintiff's state law claims against SCCJA are likewise barred for failure to comply with the notice provisions of the OGTCA. Finally, Plaintiff's section 1983 claims against SCCJA are not barred by the two-year statute of limitations under Okla. Stat. tit. 12, § 95 (Third), applicable to section 1983 actions. Consequently, SCCJA's Motion to Dismiss (Doc. No. 65) is granted as to Plaintiff's state law claims, denied as to Plaintiff's section 1983 claims, and granted as to Plaintiff's request for punitive damages against SCCJA on the section 1983 claims.

It is so ordered this 11th day of March, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma