```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

DONALD ALLEN,                  )
                               )
        Plaintiff,             )
                               )
v.                             )    No. CIV-08-215-FHS
                               )
JARED YATES, et al.,           )
                               )
        Defendants.            )

**OPINION AND ORDER**

On June 11, 2008, Plaintiff, Donald Allen, brought this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations resulting from an alleged attack upon his person during the course of his detention in the Sequoyah County Jail. Plaintiff claims he was attacked by Defendant, Jared Yates ("Yates"), a Detention Officer with the Sequoyah County Jail, while Yates was processing Plaintiff following his arrest on June 25, 2006. Defendant, Dewayne Walters ("Walters"), is the Oklahoma Highway Patrol Officer who arrested Plaintiff on June 25, 2006, and brought him to the Sequoyah County Jail for processing. Plaintiff alleges Walters observed Yates attack him and that Walters failed to intervene to prevent the attack by Yates and that such failure constitutes a violation of Plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff later invoked the Court's supplemental jurisdiction in his Amended Complaint (Doc. No. 38), filed on October 28, 2008, by asserting state law claims for negligence, respondeat superior, outrage, and assault and battery. Walters, individually and in his official capacity as an Oklahoma Highway Patrol Officer, has

1

filed a Motion to Dismiss (Doc. No. 66) seeking the dismissal of all claims asserted by Plaintiff in the Amended Complaint.[1] The issues have been fully briefed by the parties. Having considered the parties' respective submissions, the Court concludes dismissal is appropriate as to all claims asserted against Walters, with the exception of Plaintiff's section 1983 claims against Walters in his individual capacity.

Walters contends Plaintiff's state law claims are barred by the applicable statute of limitations. In this regard, Walters relies on the following provision under Oklahoma law:

> All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:
>
>     a.   the State of Oklahoma
>     b.   a contractor of the State of Oklahoma, or
>     c.   a political subdivision of the State of Oklahoma,
>
> to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued.

---

[1] On February 21, 2009, Plaintiff amended his Amended Complaint to properly identify Jimmy "Barker" as a defendant as opposed to the misidentified Jimmy "Baxter." Thus, the relevant Complaint before the Court is Plaintiff's Second Amended Complaint (Doc. No. 78).

Okla. Stat. tit. 12, § 95(A)(11).  Plaintiff's state law claims are barred by application of this provision.[2]  Plaintiff was an inmate in the custody and control of the Sequoyah County Jail on June 25, 2006, when the actions giving rise to his claims occurred.  Indeed, all of the facts which give rise to Plaintiff's state law claims occurred while he was an inmate in the custody of the Sequoyah County Jail.  Furthermore, it is uncontested that the institutional entity vested with the oversight of the Sequoyah County Jail, the Sequoyah County Criminal Justice Authority, constitutes a political subdivision of the State of Oklahoma.  Finally, it is undisputed that Plaintiff's claims accrued on June 25, 2006, and that the one-year limitation period of section 95(A)(11) expired on June 25, 2007.  Consequently, Plaintiff's state law claims against Walters, in his individual capacity, for negligence, respondeat superior, outrage, and assault and battery are barred by the statute of limitations as they were filed on October 28, 2008 – more than one year after such claims accrued.[3]

---

[2]  It is unclear which, if any, of the state law claims are being asserted against Walters in the Second Amended Complaint. Plaintiff does not specifically identify Walters in any of the state law claims, but rather, Plaintiff references "Defendants" throughout these allegations.  Although some of these allegations would appear to either have no relevance to Walters (assault and battery) or fail to support an independent claim (respondeat superior), for purposes of this motion to dismiss, the Court will assume that all state law claims are being asserted against all Defendants, including Walters.

[3]

Plaintiff's response to the statute of limitations issue is wholly uninformative as it fails to address the application of section 95(A)(11) to the state law claims.  Plaintiff does not contest any of the elements for application of section 95(A)(11) to the facts at hand, but rather, he argues for the relation back of the state law claims to the timely filed section 1983 claims as

Plaintiff's assertion of state law claims against Walters in his official capacity are likewise barred as the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 et seq., provides state employees such as Walters with immunity for torts committed within the scope of their employment. 51 O.S. §§ 153(B) and 163(C). The OGTCA is the exclusive method of bringing tort claims against the state of Oklahoma. A review of the Second Amended Complaint reveals that all allegations against Walters (to the extent they can be identified with any of the state law claims) are consistent with a claim against him for acts or omissions in connection with the performance of his assigned duties as an Oklahoma Highway Patrol Officer. As a result, the State of Oklahoma, and not Walters, is the proper party to any of the alleged state law claims:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . .

51 O.S. § 163(C). Thus, Walters is entitled to the dismissal of the state law claims asserted against him in his official capacity.

---

asserted in the original Complaint filed on June 11, 2008. This argument misses the mark, however, as Walters does not rely on the two-year limitation period of Okla. Stat. tit. 12, § 95(3), applicable to section 1983 claims. See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). To the extent Plaintiff relies on the relation back doctrine with respect to the state law claims and application of section 95(A)(11), the Court concludes Plaintiff's claims are nonetheless barred as the one-year limitation period had run as of the filing of Plaintiff's original Complaint on June 11, 2008.

Plaintiff asserts claims under section 1983 against Walters, in his official capacity as an Oklahoma Highway Patrol Officer. Walters contends these official capacity claims are barred by the Eleventh Amendment. The Court agrees. It is a well-settled rule in section 1983 litigation that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit because the suit is against the official's office and not against the official). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the language of the Amendment explicitly refers only to suits brought against a state by citizens of another state, it has long been interpreted to bar suits against a state by its own citizens. Hans v. Louisiana, 134 U.S. 1, 21 (1890). This immunity, however, is enjoyed only by the state, its instrumentalities, and its officers in their official capacities. Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). Political subdivisions, such as counties and municipalities, do not enjoy such immunity. Id. See also Unified School Dist. No. 480 v. Epperson, 583 F.2d 1118, 1121-22 (10th Cir. 1978).

The Oklahoma Highway Patrol ("OHP") is a division of the Oklahoma Department of Public Safety. As a component part of a state agency or department, the OHP is undoubtedly entitled to

5

immunity under the Eleventh Amendment.  The OHP is to be treated as an arm of the State rather than as a municipal corporation or other political subdivision.  As an arm of the State, the OHP is clearly entitled to Eleventh Amendment immunity.  See Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988) (the Oklahoma Department of Health, the Oklahoma Council on Law Enforcement Education and Training, and the Oklahoma Attorney General's office are all arms of the State of Oklahoma entitled to Eleventh Amendment immunity).  Consequently, Plaintiff's official capacity constitutional claims against Walters should be treated as claims against the State of Oklahoma with the concomitant Eleventh Amendment restriction barring prosecution of those claims against Walters in his official capacity.[4]

Based on the foregoing reasons, the Court finds that Plaintiff's state law claims for negligence, respondeat superior, outrage, and assault and battery against Walters, in his individual capacity, are barred by the one-year statute of limitations of Okla. Stat. tit. 12, § 95(A)(11).  The Court also finds that Plaintiff's state law claims for negligence, respondeat superior, outrage, and assault and battery against Walters, in his official capacity, are subject to dismissal under the immunity provisions of the OGTCA.  Finally, the Court finds that Plaintiff's official capacity constitutional claims under section 1983 against Walters are barred by the Eleventh Amendment.  Consequently, the Motion to Dismiss (Doc. No. 66) filed by Walters is granted, with the exception of Plaintiff's section 1983 claims against Walters in his individual capacity.

---

[4] Walters does not offer any basis for a dismissal of Plaintiff's section 1983 claims against him in his individual capacity.  Consequently, those claims remain pending.

It is so ordered this 24th day of March, 2009.

_Frank H. Seay_
Frank H. Seay
United States District Judge
Eastern District of Oklahoma